Oscar ARCOS–SANTIAGO, Petitioner,

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

**No. 06–73791.**

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 11, 2009.*

Filed Aug. 17, 2009.

Juan A. Laguna, Law Offices of Juan A. Laguna, Santa Ana, CA, for Petitioner.

CAC–District, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Jason X. Hamilton, M. Jocelyn Wright, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before KLEINFELD, M. SMITH, and IKUTA, Circuit Judges.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Oscar Arcos–Santiago, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for cancellation of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo claims of constitutional violations in immigration proceedings, *Iturribarria v. INS,* 321 F.3d 889, 894 (9th Cir.2003), and we review for abuse of discretion the denial of a motion to remand, *Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the agency's discretionary determination that Arcos–Santiago failed to show exceptional and extremely unusual hardship to a qualifying relative. *See Martinez–Rosas v. Gonzales,* 424 F.3d 926, 930 (9th Cir.2005).

Arcos–Santiago's contention that the agency failed to cumulatively weigh all the hardship evidence is not supported by the record and does not amount to a colorable constitutional claim. *See id.* ("traditional abuse of discretion challenges recast as alleged due process violations do not constitute colorable constitutional claims that would invoke our jurisdiction").

The BIA did not abuse its discretion in denying the motion to remand. *See Malhi,* 336 F.3d at 994. Here, Arcos–Santiago did not demonstrate prima facie eligibility for adjustment of status.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.